NO. 07-00-0584-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 19, 2001

_____

QUINTON JERMAINE WILSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 208TH DISTRICT COURT OF HARRIS COUNTY;

NO. 820418; HONORABLE DENISE COLLINS, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

In one issue, appellant Quinton Jermaine Wilson challenges the punishment assessed for his conviction of murder by asserting that the trial court's failure to find he committed murder under the influence of sudden passion arising from an adequate cause is against the great weight and preponderance of the evidence and is manifestly unjust. We affirm the judgment of the trial court for the reasons set forth.

Appellant pled guilty to the offense of murder, and the trial court assessed his punishment at 45 years confinement in the Institutional Division of the Department of Criminal Justice. He argues that he showed by a preponderance of the evidence that the death of the victim, Keith Tucker (Tucker), occurred when he was under the influence of sudden passion arising from an adequate cause, *i.e.*, he was afraid because Tucker pulled a gun and threatened to kill him. Therefore, the proper range of punishment was not less than two years or more than 20 years.

> Section 19.02(d) of the Penal Code provides:
>
> At the punishment stage of a trial, the defendant may raise the issue as to whether he caused the death under the immediate influence of sudden passion arising from an adequate cause. If the defendant proves the issue in the affirmative by a preponderance of the evidence, the offense is a felony of the second degree.

Tex. Pen. Code Ann. § 19.02(d) (Vernon 1994). Without satisfactory proof of "sudden passion arising from an adequate cause," the offense is a felony of the first degree. *Id.* § 19.02(c). "Adequate cause" is defined to mean "cause that would commonly produce a degree of anger, rage, resentment, or terror in a person of ordinary temper, sufficient to render the mind incapable of cool reflection." *Id.* § 19.02 (a) (1). "Sudden passion" means "passion directly caused by and arising out of provocation by the individual killed or another acting with the person killed which passion arises at the time of the offense and is not solely the result of former provocation." *Id.* §19.02(a)(2).

2

The defendant is required to prove that he acted under the influence of sudden passion arising from an adequate cause by a preponderance of the evidence. Because appellant seeks review of the court's failure to make a finding on which appellant had the burden of proof, we must make a review of the evidence and determine whether, after considering all the evidence, the judgment is so against the great weight and preponderance of the evidence as to be manifestly unjust. *Dudley v. State*, 992 S.W.2d 565, 567 (Tex.App.--Texarkana 1999, no pet.); *Naasz v. State*, 974 S.W.2d 418, 421 (Tex.App.--Dallas 1998, pet. ref'd). In making our review, we must remember that the factfinder is the sole judge of the weight and credibility of the witnesses. *Santellan v. State*, 939 S.W.2d 155, 164 (Tex.Crim.App. 1997).

At the punishment hearing, the State requested to supplement the pre-sentence investigation report to include summaries of the statements of three witnesses. While the actual pre-sentence investigation report is not included in the record, a summary of the testimony sought to be added is included in the reporter's record. Tandra Washington stated she witnessed the murder of Tucker, whom she had known for 15 years, and that appellant shot him as he tried to ride away on his bicycle. She saw appellant walk over to Tucker, who was lying on the ground, and shoot him several more times. Folonda Sample also witnessed the shooting and stated Tucker was riding his bicycle and appellant ran after him and shot him. Appellant then walked up to Tucker and continued to shoot him. Finally, Terrance Brown, a 12-year-old boy who witnessed the murder, saw the same thing as the other two witnesses. The State also sought to amend the report to show that

3

no gun was ever found at the scene of the crime. The court allowed supplementation of the report with those statements and that information.

Sergeant Eric Mehl of the Houston Police Department testified that, although the pre-sentence investigation report showed that Tucker had robbed appellant a week or so before his death, Sergeant Mehl could not find a robbery report had been made to the police. He also heard rumors that Tucker shot at appellant prior to the murder, but no one could give Sergeant Mehl the names of any witnesses who had knowledge of this event or any specific details. He never heard during his investigation that Tucker was a member of a gang, although he had been told Tucker was a drug dealer. Tucker also had an extensive criminal history. Additionally, in his investigation of the murder, Sergeant Mehl never heard the allegation that Tucker pulled a pistol from his shirt just prior to the murder. Sergeant Mehl admitted that it would have been possible for someone to remove a gun from the crime scene before police arrived.

Appellant stated at the hearing that he "was scared at the time, in fear" because Tucker "had pulled a gun at me and shot at me recently." Sometime prior to the shooting, appellant and Tucker, who both sold drugs, argued over money. Tucker came to appellant's sister's house with a shotgun to buy marijuana. He pointed the gun at appellant and eventually took the marijuana, a video game, and some money. Tucker threatened to kill appellant. When appellant tried to get his money back, Tucker grabbed a shotgun and began to shoot at his car. After that incident, appellant bought a gun.

4

Two days before the murder, Tucker came to appellant's apartment, and appellant ran from him because he was scared. On the day of the murder, Tucker rode by appellant's apartment on his bicycle and told appellant to get off Tucker's block. After Tucker rode past appellant, he stopped and came back. They had words, and Tucker told appellant he would kill him. Appellant pulled his gun out of his pocket and shot Tucker. When Tucker fell, appellant walked up and shot him once more because he was scared. Appellant dropped his gun and ran. He stated that there should have been two guns at the crime scene, his and Tucker's. Although appellant fled to California, he eventually returned to Texas and turned himself in to the authorities.

On cross-examination, he said he shot Tucker in the back and the head. Appellant's father told him somebody else came and shot Tucker again after appellant left. Appellant claimed Tucker pulled a gun first, and he just happened to be faster than Tucker. He shot Tucker a second time in the head because Tucker "was still moving" and he was "scared that he was going to kill me." The autopsy report showed Tucker had four gunshot wounds: one each in the back, the head, the wrist and the hand.

The cause of sudden passion must be such as to produce anger, rage, resentment, or fear in a person of ordinary temper so as to render the mind incapable of cool reflection. *Naasz*, 974 S.W.2d at 423. A mere claim of fear or ordinary anger is not sufficient. *Williams v. State,* 35 S.W.3d 783, 787 (Tex.App.--Beaumont 2001, pet. ref'd); *Naasz*, 974 S.W.2d at 423. There also must be evidence that direct provocation by the victim or

5

someone acting with the victim occurred at the time of the killing. Evidence of prior provocation alone is not sufficient, and the defendant may not rely on his own acts in precipitating a confrontation. *Id.* at 423-24. The factfinder must be able to find that the defendant killed the victim in an excited and agitated state of mind arising out of direct provocation. *Id.*

Based on the evidence, the court could have found that appellant had adequate time to cool off after his previous encounters with Tucker, the most recent of which occurred two days prior to the murder. Although on the day of the incident appellant claims Tucker pulled a gun on him first, and he shot Tucker because he was afraid, there is also evidence that Tucker rode past appellant on his bicycle, that he did not pull a weapon, and that appellant shot him in the back. Shooting someone in the back as he passes by after an argument is not an objectively common response in a reasonable person. *Saldivar v. State*, 980 S.W.2d 475, 506 (Tex.App.--Houston [14th Dist.] 1998, pet. ref'd). The factfinder could also have believed that appellant walked up to Tucker, who was lying on the ground after being shot once, and shot him three more times, and that those subsequent shots were not the mindless result of a highly agitated state of fear, but actions performed coolly and deliberately. Because the conflicts in the evidence required a determination of the credibility of the evidence, the final resolution of those issues was to be made by the factfinder, and we will not disturb those findings on appeal. *Cain v. State*, 958 S.W.2d 404, 408-09 (Tex.Crim.App. 1997). We do not believe the court's failure to find that appellant acted under sudden passion arising from adequate cause was

so against the great weight and preponderance of the evidence as to be manifestly unjust.

Appellant's issue is overruled and, accordingly, the judgment of the trial court is affirmed.

John T. Boyd
Chief Justice

Do not publish.